IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRE STANKEVITCH, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  07-1948 |
| | : | |
| v. | : | |
| | : | |
| THE SSA LOCAL OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Alexandre Stankevitch ("Plaintiff") filed a complaint pro se in the above-captioned action on May 14, 2007 naming The Social Security Administration (SSA) Local Office, the SSA Regional Office and The Citizens Bank ("Citizens Bank") as Defendants.  As factual background to his numerous claims, Plaintiff alleges that he received a favorable decision from SSA Administrative Law Judge Henry Oliver on May 9, 2005 awarding him disability benefits, that he was out of the country from June 6, 2005 to June 4, 2006 and that prior to receiving the favorable decision, he opened a bank account at Citizens Bank.

Plaintiff's claims are buried in his factual allegations, but the court has gleaned the following claims: 1) the SSA failed to notify Plaintiff regarding his disability payments following the favorable decision; 2) Regional Commissioner Lory Watkins sent Plaintiff a "Denial Decision" on December 27, 2004; 3) the SSA has miscalculated the amount of Plaintiff's benefits, 4) the SSA has only sent him a portion of the benefits to which he is entitled; 5) the SSA failed to deposit or otherwise remit Plaintiff's benefits; 6) the SSA local and regional offices withheld his Medicare insurance; 7) the SSA filed tax returns under Plaintiff's name in

April 2006; 8) the SSA fraudulently sent Plaintiff incorrect forms; 9) the SSA misused Plaintiff's Social Security number and personal information; 10) Citizens Bank sent him false statements; 11) the SSA local and regional offices conspired with Citizens Bank to steal Plaintiff's disability benefits; 12) SSA managers Mannion and Tannery organized a kidnaping of Plaintiff; 13) "Mitchel" threatened Plaintiff, physically assaulted him and emotionally abused him; 14) Mannion, Tannery and Mitchel restrained Plaintiff in a small room at 701 Market Street; 15) SSA manager Mannion and Tannery stole his disability payments; 16) Mannion and Tannery abused, neglected, harassed and robbed Plaintiff; 17) a security guard "Lopez" accompanying Tannery hit Plaintiff and his mother and took away his documents, including his green card; 18) fraud, generally.

On May 29, 2007, Plaintiff filed a Motion requesting a criminal investigation and a Motion to reassign the case to a judge other than the undersigned.  On July 13, 2007, Defendant Citizens Bank filed a Motion to Dismiss, or in the alternative, for a More Definite Statement.  The Federal defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment on July 16, 2007.

AND NOW, this 26th date of July 2007, having reviewed these pending motions, the court ORDERS the following:

1. To the extent that Plaintiff's complaint sets forth claims that the SSA miscalculated his benefits, withheld disability insurance benefits to which he is entitled and withheld Medicare benefits to which he is entitled, it is hereby ORDERED that such claims are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1), as this court lacks jurisdiction to hear these claims.

These allegations concern matters arising under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  The exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act is found at 42 U.S.C. § 405(g), permitting judicial review of a final decision of the Commissioner of Social Security.[1]  Congress has given this court jurisdiction over no other matters arising under Title II of the Social Security Act; therefore this court does not have jurisdiction to review SSA payment matters.  Plaintiff may avail himself of the administrative process in the SSA to address any complaints he may have about the amount of his benefits, the payments of his benefits and the availability of medical insurance benefits.

2. To the extent that Plaintiff's complaint sets forth claims that the SSA, through its offices and/or employees, committed tortious acts against him, including theft of property, kidnaping, assault, battery and unlawful restraint, the claims are DISMISSED WITHOUT PREJUDICE, as this court is without jurisdiction to hear them.  While Plaintiff has named certain individuals in his allegations, he does not claim to sue them in their individual capacity, and the court cannot read

---

[1] Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

this claim into his complaint.  This court has subject matter for certain tort claims brought against the United States of America pursuant to the Federal Tort Claims Act (FTCA), at 28 U.S.C. §1346(b).  The FTCA, however, clearly requires that before such an action can be brought, the allegations must be presented to the appropriate Federal agency and denied.[2]  28 U.S.C. § 2675(a).  Plaintiff's complaint lacks any allegation that he has presented these claims, including theft, kidnaping, assault, battery and unlawful restraint, to the SSA.  Therefore, this court does not, at this time, have jurisdiction to hear these tort allegations.

3. To the extent that Plaintiff's complaint sets forth claims that any of the alleged actions of the defendants, including conspiracy and kidnaping, are criminal and violate any federal or state criminal statutes, it is hereby ORDERED that such claims are DISMISSED, as this court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.

---

[2] Section 2675 is captioned "Disposition by federal agency as prerequisite; evidence" and states in relevant part:

> (a)   An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

4.  To the extent that Plaintiff's complaint contains an allegation that any of the Defendants engaged in civil conspiracy, it is hereby ORDERED that such a claim is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's claim does not allege any factual basis that would permit a jury to draw a reasonable inference that any civil conspiracy existed as to any of the Defendants.

5.  To the extent that Plaintiff's complaint contains an allegation of fraud against any defendant, it is hereby ORDERED that any such claims must be RE-FILED in an AMENDED COMPLAINT CONTAINING A MORE DEFINITE STATEMENT.  Plaintiff has not pled his claims of fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).[3]  Since Plaintiff is proceeding pro se, the court will give him an opportunity to file an Amended Complaint to re-plead his claims of fraud.  This Amended Complaint shall be filed no later than 45 days from the date of this order.  In any Amended Complaint that he might file, Plaintiff shall plead his claims of fraud with particularity and shall outline the essential elements of a fraud claim under whatever legal authority Plaintiff relies.  Failure to file an amended complaint with the requisite more definite statement shall result in dismissal of the claims with prejudice.

---

[3] Fed. R. Civ. P. 9(b), captioned "Fraud, Mistake, Condition of the Mind" states in relevant part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

6.      Any Amended Complaint filed must follow <u>all</u> of the applicable pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, including, but <u>not</u> limited to:

    a.    The Complaint must satisfy the pleading standard of Fed. R. Civ. P. 8(a). Rule 8 requires that a pleading consist of a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of a claim showing that Plaintiffs are entitled to relief, and a demand for judgment;

    b.    The Complaint shall set forth the names of individual defendants and the legal claims under which relief is sought;

    c.    The Complaint shall conform with Fed. R. Civ. P. 10. Rule 10 requires, in part, that averments of claim be presented in numbered paragraphs.

7.      For the reasons enumerated in Paragraphs 1-5, Defendants' Motions to dismiss (Docket Nos. 9-10) are hereby ORDERED GRANTED IN PART and DENIED in PART.

8.      Plaintiff's Motion to defer consideration (Docket No. 11) is DENIED, as it is without any legal merit. While Plaintiff has not yet filed a response to Defendants' Motions to dismiss, any such response would not affect the legal analysis conducted by the court, as it is obvious that in the vast majority of Plaintiff's claims this court either has no jurisdiction or the complaint fails to state a claim upon which relief can be granted. Above, the court granted Plaintiff 45

days to file an Amended Complaint on his claims of fraud, rather than the 10 days provided by Fed. R. Civ. P. 12(e). The court extended the time period out of consideration for Plaintiff's alleged medical issues. The Court finds that the remainder of the claims in this motion are without any legal merit.

9. Plaintiff's Motion to order a criminal investigation (Docket No. 5) is DENIED, as this court lacks jurisdiction to order a criminal investigation.

10. Plaintiff's Motion for the above-captioned case to be reassigned to another judge (Docket No. 6) is DENIED as legally frivolous. The assigned Judge does not know the Robert Giles identified personally, or as a blood relative, as alleged. There is no basis for recusal.

BY THE COURT:

S/ James T. Giles
J.